IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATRINA CARR, individually and on behalf of all others similarly situated, Plaintiff | : : : : | CIVIL ACTION |
| v. | : : | |
| ALEGIS GROUP, L.P., Defendant | : : | No. 04-CV-5985 |

MEMORANDUM AND ORDER

TIMOTHY R. RICE
U.S. MAGISTRATE JUDGE

  Defendant, Alegis Group, L.P., ("Alegis") seeks a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Plaintiff, Katrina Carr ("Carr") contends the proposed order[1] is too broad and that Alegis has failed to establish good cause, as required by the United States Court of Appeals for the Third Circuit. Carr also seeks to compel Alegis' compliance with its discovery requests. For the following reasons, I deny Alegis' motion and grant Carr's motion.

  Carr has filed a consumer class action arising under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, alleging that Alegis, a Texas-based debt collector, made false and misleading statements in its collection notice. On or about May 6, 2005, Alegis requested that Carr stipulate to a protective order that would allow Alegis to protect documents it believes contain confidential information. Carr refused, and as a result, Alegis has not fully responded to discovery requests. Carr asserts that she is thereby hampered in her ability to effectively prosecute this case, including complying with a now-expired, court deadline of May 31, 2005 to

---

[1] Alegis filed a response to Carr's cross-motion to compel that included a revised protective order. In her reply, Carr reasserts her position that Alegis has failed to satisfy the requirements for a protective order.

seek class certification.

Upon a demonstration of good cause I may order that "a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed in a designated way." Fed.R.Civ.P. 26(c)(7); Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994).

> Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing. The burden of justifying the confidentiality of each and every document sought to be covered by a protective order remains on the party seeking the order.

Pansy, 23 F.3d at 787 (citations omitted). Thus, I must balance the harm to the party seeking protection with the importance of disclosure to the public, considering factors such as:

> 1) whether disclosure will violate any privacy interests; 2) whether the information is being sought for a legitimate purpose or for an improper purpose; 3) whether disclosure of the information will cause a party embarrassment; 4) whether confidentiality is being sought over information important to public health and safety; 5) whether the sharing of information among litigants will promote fairness and efficiency; 6) whether a party benefitting from the order of confidentiality is a public entity or official; and 7) whether the case involves issues important to the public.

Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995) (citing Pansy, 23 F.3d at 787-91). Broad allegations of harm, without specific examples or articulated reasoning, are insufficient. Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986).

The original protective order proposed by Alegis is expansive. It contemplates permitting the parties to designate information provided in discovery that they believe constitutes protected material. It also permits the designation of deposition testimony as protected material within one

month after receipt of the transcript of the deposition. If any party disagrees with the designation of protected material, that party make seek relief from the court. This proposed order fails to comport with either the letter or spirit of the decisions in Pansy and Glenmede. In support of its request, Alegis relies on a series of cases that either pre-date Pansy and Glenemede or have been decided by courts in other jurisdictions that do not apply the Third Circuit's "good cause" standard. To the extent those cases are inconsistent with Third Circuit law they are not controlling.

Alegis contends that it has responded to Carr's discovery requests and objected where reasonable and appropriate. Alegis does not provide a copy of its responses, nor does Alegis set forth with particularity a description of the specific request it deemed objectionable and why it reached that conclusion. Alegis has attached as an exhibit to its reply brief a second proposed protective order, which it labeled as an "unopposed" request of the parties. Carr's reply, however, contests that characterization.[2]

The second proposed protective order is somewhat more specific. It purports "to avoid violations of significant privacy interests of Alegis in disclosing tax information and corporate net worth information, as well as any training materials, business contracts, and procedural handbooks where dissemination would violate the legitimate privacy interests of Alegis." (Alegis Reply Exh. B, at 1). Alegis asserts that good cause supports its order because public dissemination of information sought by Carr "could have a significant effect on the business practices of Alegis." Id. at 2.

---

[2] Alegis' second proposed protective order appears to be a copy of a draft unopposed order previously rejected by Carr. Thus, I will assume that inclusion of the "unopposed" designation was an oversight.

Although the second proposed protective order is more narrowly drawn, Alegis has failed to provide sufficient and specific details to justify it.  As a general matter, some discoverable information may require confidentiality, e.g., employee personnel records, proprietary training materials, and business contracts.  The party seeking closure nevertheless must make a specific showing of good cause for every item to be sealed.  <u>Lazin v. Pavilion Partners</u>, 1995 U.S. Dist. LEXIS 11325 (E.D. Pa. Aug. 4, 1995) (Padova, J.).  Although Alegis asserts that such materiels may fall within Carr's discovery requests, it must reference the particular request and lodge a specific objection, based on good cause, to obtain a protective order.

In any event, I am confident that experienced and able counsel will reach an agreement -- consistent with <u>Pansy</u> -- to protect any specific items that truly merit confidentiality.  Such agreement should be crafted based on the principle that even joint motions for a protective order must be denied absent a showing of serious injury to the party seeking closure.  <u>See e.g.</u>, <u>Sprinturf, Inc. v. Southwest Rec. Indus.</u>, 2003 U.S. Dist. LEXIS 4683 (E.D. Pa., Mar. 11, 2003) (Pollak, J.) (stipulated protective orders must meet requirements of Fed.R.Civ.P. 26© demonstrating existence of confidential information and good cause why information should not be disclosed); <u>accord</u> <u>Software Consulting Partners, Inc. v. Medline Industries, Inc.</u>, 1999 U.S. Dist. LEXIS 5908 (E.D. Pa., Apr. 28, 1999) (Hutton, J.); <u>Lazin</u>, 1995 U.S. Dist. LEXIS 11325.

Thus, Alegis' request for a protective order is unwarranted on the existing record.  Carr's motion to compel, however, is well-founded and she is entitled to relief.  Although Alegis advises that it has responded to Carr's requests, Carr denies it, noting that the contested Rule 30(b)(6) deposition has not been scheduled.  I need not dwell on the factual nuances of this dispute.  To the extent discovery has not been provided, the parties are directed to do so

forthwith, as contemplated by the Hon. John R. Padova in his March 29, 2005 scheduling order. Consistent with the goals of Judge Padova's order, therefore, I grant Carr's motion to compel and order that written discovery be completed within ten (10) days of this order and the Rule 30(b)(6) deposition take place within twenty (20) days of this order.  Carr is also granted leave to supplement the record on class certification within five (5) days of Alegis' compliance with this order.

      An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATRINA CARR, individually and on behalf of all others similarly situated, Plaintiff | : : : : | CIVIL ACTION |
| v. | : : | |
| ALEGIS GROUP, L.P., Defendant | : : | No. 04-CV-5985 |

### ORDER

TIMOTHY R. RICE
U.S. MAGISTRATE JUDGE

AND NOW, this ____ day of May, 2005, upon consideration of Defendant's Motion for a Protective Order, Plaintiff's Response in Opposition to the Motion for Protective Order and Cross-Motion to Compel, and the parties' replies thereto;

IT IS HEREBY ORDERED that the Defendant's Motion for a Protective Order is DENIED.

IT IS FURTHER ORDERED that the Plaintiff's Cross-Motion to Compel is GRANTED. Defendant shall respond to all discovery requests within ten (10) days of this order and the Rule 30(b)(6) deposition shall take place within twenty (20) days of this order. Plaintiff is granted leave to supplement the record on class certification within five (5) days of Alegis' compliance with this order.

BY THE COURT:

_____
TIMOTHY R. RICE
U.S. MAGISTRATE JUDGE